Argued September 21, reversed and remanded with directions
November 11, 1971

PALMER, *Respondent, v.* DEPARTMENT OF
MOTOR VEHICLES (No. L 9954), *Appellant.*

490 P2d 526

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

*Donald R. Duncan,* Athena, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

THORNTON, J.

Petitioner was arrested for driving under the influence of intoxicating liquor. Upon being requested to take a breathalyzer test pursuant to the provisions of the Oregon Implied Consent Law,[1] he refused. The defendant Department of Motor Vehicles (now Motor Vehicles Division) proceeded to suspend petitioner's license to operate a motor vehicle. He appealed to the circuit court. In his petition he, in effect, alleged: (1) he was not under arrest for drunken driving; (2) the police officer did not have reasonable grounds to believe petitioner had been drinking; (3) petitioner did not refuse the test; (4) petitioner was not informed of the consequences under ORS 482.540 to 482.560 of his refusal; and (5) petitioner was not informed of his rights under ORS 483.638.

At the trial and following the conclusion of the petitioner's evidence, defendant moved separately that the five contentions above be taken from the jury's consideration, for the reason that there was no evidence tending to support them. The court granted the motions except as to (4). On (4), the trial court found

---

[1] ORS 483.634 to 483.646; ORS 482.540 to 482.580.

that the petitioner was advised in the following specific words:

"1. Your driver's license will be suspended for 90 days.

"2. Upon your request, you will be granted a hearing. If the hearing result is adverse to you, you may appeal the matter to the circuit court for a trial."

Thereafter, both petitioner and defendant moved for a directed verdict and both sides waived submission of the case to the jury. The jury was dismissed and the court found under (4) that as a matter of law petitioner was not sufficiently warned of the consequences of his refusal and reversed defendant's order suspending petitioner's operator's license.

Defendant appeals, contending that the above statement was adequate under ORS 483.634 (2).[2] That section requires that the offender shall be informed of the consequences of his refusal to take the test "as provided by ORS 482.540 to 482.560 and of his rights as provided in ORS 483.638 * * *." In this case, however, we are not concerned with the petitioner's statutory right to be informed that he is entitled to take, at his own expense, other kinds of tests to show the alcoholic content of his blood as provided for in ORS

---

[2] ORS 483.634 (2) provides:

"If a person under arrest for driving a motor vehicle while under the influence of intoxicating liquor in violation of subsection (2) of ORS 483.992 or of a municipal ordinance, refuses the request of a police officer to submit to a chemical test of his breath as provided in subsection (1) of this section, and if the person has been informed of the consequences of such refusal as provided by ORS 482.540 to 482.560 and of his rights as provided in ORS 483.638, no test shall be given, but the police officer shall prepare a sworn report of the refusal and cause it to be delivered to the division. * * *
"* * * * *."

483.638, because this issue was eliminated by the trial court when petitioner failed to offer any evidence to support this contention.

ORS 482.540 first provides that refusal to take the test will result in loss of license for 90 days. The balance of the section provides that the petitioner may request a hearing and the preliminary procedure with reference thereto. ORS 482.550 provides for the administrative hearing and its scope. ORS 482.560 provides for an appeal from the administrative hearing to the circuit court.

The warnings which the officer gave to the petitioner in this case encompassed the ultimate rights and consequences under the sections of the statute with which we are here concerned; namely, (1) that the license would be suspended for 90 days; (2) that an administrative hearing could be had upon request; and (3) that if such was adverse to the defendant he could appeal the matter to the circuit court for trial. ORS 483.634 (2) does not require the police officer to read to the violator each and all of the provisions of the three statutory sections involved, nor was it necessary to elaborate on such matters as the legal mechanics of the administrative process or the trial on appeal.

Reversed and remanded with directions to enter judgment for defendant and reinstate defendant's previous order suspending petitioner's license to operate a motor vehicle.